DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Albert Avanesyan, Nelli Avanesyan, Rimma Avanesyan, and the estate of Diana Avanesyan, appeal from the judgment of the Summit County Court of Common Pleas awarding summary judgment in favor of Appellees, Ruhlin Construction Company, Ruhlin Kenmore Joint Venture, and Kenmore Construction Company. This Court affirms.
 I. {¶ 2} On March 17, 2001, Appellant Albert Avanesyan was involved in an automobile accident with a car driven by Mario King. At the time, Mr. Avanesyan was driving his two daughters, Rimma, age 10, and Diana, age 7, to see their grandparents. As Mr. Avanesyan's vehicle entered the intersection of Goodkirk Avenue and Buchtel Avenue, his car was struck broadside by Mr. King. Diana Avanesyan died as a result of injuries suffered in the accident.
 {¶ 3} As a result of the accident, Appellants filed suit against Appellees, Mr. King, and Mr. King's parents, Vandylia and James Nash. Mr. King, and Vandylia and James Nash are not parties to this appeal. Mr. King's actions, however, are pertinent to our analysis. In their complaint, Appellants alleged that Mr. King's failure to yield to a red light caused the accident. An independent witness testified that Mr. King entered the intersection on a red light, but Mr. King has repeatedly denied those allegations.
 {¶ 4} Appellees were named in the suit because they were involved in the construction zone surrounding the intersection. Appellants alleged that the companies performing work on the site failed to place proper warning signs to alert drivers of the construction zone. Appellants averred that the failure to place these warning signs constituted negligence and that said negligence was an additional proximate cause of the injuries they suffered.
 {¶ 5} Following discovery, Appellees moved for summary judgment asserting that Mr. King's actions were the sole proximate cause of Appellants' injuries. On August 16, 2004, the trial court granted Appellees' motions for summary judgment finding that any alleged negligence attributable to Appellees was not the proximate cause of Appellants' injuries. Appellants timely appealed, raising six assignments of error for our review. As each assignment of error avers that the trial court's grant of summary judgment was improper, they will be addressed together.
 II. ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law and to the prejudice of [appellants] in granting summary judgment where conflicting evidence was presented upon which a jury could reach alternative conclusions."
 ASSIGNMENT OF ERROR II
"The trial court erred as a matter of law and to the prejudice of [appellants] in determining the issue of intervening cause upon a motion for summary judgment, where conflicting evidence was presented upon which a jury could reach alternative conclusions."
 ASSIGNMENT OF ERROR III
"The trial court erred as a matter of law and to the prejudice of [appellants] in determining the issue of proximate cause upon a motion for summary judgment, where conflicting evidence was presented upon which a jury could reach alternative conclusions."
 ASSIGNMENT OF ERROR IV
"The trial court erred as a matter of law and to the prejudice of [appellants] in granting judgment where the moving party was not entitled to judgment as a matter of law."
 ASSIGNMENT OF ERROR V
"The trial court erred as a matter of law and to the prejudice of [appellants] in granting summary judgment where the evidence was such that reasonable minds could come to different conclusions as to genuine issues of material fact."
 ASSIGNMENT OF ERROR VI
"The trial court erred as a matter of law and to the prejudice of [appellants] in granting summary judgment where conflicting evidence was presented as to genuine issues of material fact, and the court in effect passed upon the weight of the evidence and the credibility of witnesses in reaching its conclusions."
 {¶ 6} In each of their assignments of error, Appellants argue that the trial court erred in granting summary judgment in favor of Appellees. Specifically, Appellants aver that the trial court improperly weighed the evidence before it and that genuine issues of material fact remain that a jury must consider. We disagree.
 {¶ 7} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383.
 {¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 10} In order to succeed under an action for negligence, a plaintiff must show the existence of a duty, a breach of that duty, and that the breach of that duty was the proximate cause of the plaintiff's injuries.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565. Proximate cause
"requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act." Miller v. Baltimore Ohio S.W. RR Co. (1908),78 Ohio St. 309, 325, overruled on other grounds by Schultz v. BarbertonGlass Co. (1983), 4 Ohio St.3d 131.
While proximate cause is generally a question of fact to be decided by the trier of fact, such a rule is not universal. Phelps v. PositiveAction Tool Co. (1986), 26 Ohio St. 3d 142, 157 (Brown, J., dissenting);Senko v. Molitoris (Oct. 15, 1981), 8th Dist. No. 43381.
 {¶ 11} Our sister court in Senko was confronted with a similar claim. In Senko, as here, much evidence was introduced regarding the need for additional warnings and signs at or near an intersection. The defendant in Senko failed to stop at a stop sign and collided with the plaintiff's vehicle. During his suit, the plaintiff introduced evidence that the intersection should have had a traffic signal and that a traffic signal would have prevented the accident. Such is also the state of the evidence presented here. Appellants assert that proper warning signs would have caused them to slow their vehicle and that the accident would have been prevented. Despite the evidence presented in Senko, the Court held that "[t]he overwhelming evidence in the instant case, however, establishes defendant Molitoris' negligence was, as a matter of law, the sole direct and proximate cause of appellee's injuries." Id.
 {¶ 12} In Senko, the tortfeasor ran a stop sign that was in clear view. In the instant matter, it is clear that either Mr. Avanesyan or Mr. King ran a red light causing the accident in question. In his deposition, Mario King stated unequivocally that he was in no way distracted by the construction zone.
Attorney: "And there was nothing about circumstances that existed at that time at that place that caused you to be confused about whether that light was red or green or whether you had the right to enter that intersection; is that correct?
Mr. King: "Yes.
Attorney: "As you approached the intersection, was your attention diverted or attracted to anything?
Mr. King: "No.
* * *
Attorney: "Was there anything obstructing your sight that day?
Mr. King: "No."
Additionally, Mr. King acknowledged that he had traveled through that intersection earlier the same day.
Attorney: "And how much earlier that day had you gone through that same intersection?
Mr. King: "An hour ago.
Attorney: "Okay. Did you have any problems when you went through the intersection one hour prior to the time of the accident?
Mr. King: "No."
Mr. Avanesyan also testified that his view of the intersection was not affected by the ongoing construction.
Attorney: "As you approached the intersection, did anything obscure, or block, your view of the intersection?
Mr. Avanesyan: "Not that I recall."
The trial court had before it, therefore, the uncontroverted statements of both drivers that their views of the intersection were unimpeded and undisputed evidence that Mr. King had previously negotiated the intersection without incident. As such, we find that any conclusion drawn from the evidence submitted to the trial court would be adverse to Appellants with respect to Appellees.
 {¶ 13} The sole direct and proximate cause of the accident in question was the negligence of one of the drivers. The negligence that Appellees allegedly committed in no way affected the operation or view of the traffic signal. Rather, we find that "[t]he only foreseeable risk posed by [Appellees'] conduct entailed the possibility that a motorist would suddenly and unexpectedly encounter the obstructed lane and be unable to merge into the adjoining lane." Elabed v. Lemanowicz (Dec. 10, 1987), 8th Dist. No. 53128. As such, we find that the "injury sustained [was not] the natural and probable consequence of the negligence alleged." Miller,78 Ohio St. at 325. It would be unreasonable under the circumstances presented here to find that Appellees should have foreseen that a driver would fail to yield to a red light when the alleged negligence of Appellees in no way hindered the view of that traffic light. Appellees' alleged negligence, therefore, was not the proximate cause of Appellants' injuries. Accordingly, Appellants' assignments of error are overruled.
 III. {¶ 14} Appellants' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Whitmore, P.J. Batchelder, J. Concur.