DECISION AND JOURNAL ENTRY
{¶ 1} Paula Meluch dented the bumper of Margaret Wooley's truck in a collision. A few months later, Ms. Wooley's truck began to have transmission problems. Based on the testimony of Ms. Wooley's mechanic, a magistrate found that the collision caused the problems and ordered Ms. Meluch to pay for the repairs. The trial court overruled Ms. Meluch's objections because there was no transcript of the proceeding. This Court affirms because the magistrate only summarized the mechanic's testimony, Ms. Meluch did not provide the trial court with a transcript or an affidavit of what he said, and the failure to record the proceeding was not plain error.
 FACTS {¶ 2} While driving a rental truck, Ms. Meluch collided with the back of Ms. Wooley's parked truck. The collision not only damaged the rear bumper of Ms. Wooley's truck, but also *Page 2 
pushed her truck, the transmission of which had been in "park," forward approximately three feet. Ms. Meluch paid to have the bumper replaced. Three months later, Ms. Wooley's truck began to "act up," and the transmission began to feel like it was slipping. Ms. Wooley, therefore, took the truck to a mechanic. The mechanic determined that, although the transmission was working properly, one of the engine's cylinders was misfiring. He also found metal shavings in the transmission housing and a broken piece of a snap ring. He recommended that Ms. Wooley install a rebuilt transmission, and she did so.
 {¶ 3} Ms. Wooley sued Ms. Meluch in Cuyahoga Falls Municipal Court, seeking to recover the cost of the repairs. The case was tried to a magistrate. In his decision, the magistrate noted that Ms. Wooley's mechanic had "opined that the broken part could have been caused by the rear-end collision, but he could not state with certainty that it did. He also stated that the cylinder misfire probably did not cause the snap ring to break." Based on the mechanic's testimony, the magistrate found that the collision caused the transmission problems and entered judgment for Ms. Wooley.
 {¶ 4} Ms. Meluch objected to the magistrate's decision, arguing that he misapplied the standard of proximate cause and incorrectly calculated the amount of damages. The trial court overruled her objections. It noted that, because neither of the parties requested that the proceeding be recorded, there was no transcript. It further noted that each of Ms. Meluch's objections required review of evidence that she had failed to provide and, therefore, concluded that it was unable to say that the magistrate had lost his way in his decision. Ms. Meluch has assigned one error regarding whether the trial court incorrectly overruled her objections. *Page 3 
 PROXIMATE CAUSE {¶ 5} Ms. Meluch has argued that the trial court incorrectly concluded that she needed to file a transcript of the hearing to challenge the magistrate's determination that her collision with Ms. Wooley's truck caused its transmission problems. Rule 53(D)(3)(b)(iii) of the Ohio Rules of Civil Procedure provides that "[a]n objection to a factual finding . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." According to Ms. Meluch, her objections challenged the magistrate's legal conclusion regarding whether the mechanic's undisputed testimony was sufficient to establish causation, and, therefore, it was unnecessary for her to file a transcript or affidavit of the evidence. See Berthelot v.Berthelot, 9th Dist. 23561, 2007-Ohio-3884, at ¶ 7 (concluding that, because the appellant had only challenged the application of the law to the facts, no transcript was necessary).
 {¶ 6} "In a negligence action, it is essential for recovery that plaintiff prove by a preponderance of evidence not only that defendant was negligent but also that defendant's negligence was a direct or proximate cause of plaintiffs injury." Gedra v. Dallmer Co.,153 Ohio St. 258, paragraph one of the syllabus (1950). "While proximate cause is generally a question of fact to be decided by the trier of fact, such a rule is not universal." Avanesyan v. King, 9th Dist. 22325,2005-Ohio-2966, at ¶ 10. "`[P]roximate cause' contemplates a `probable' or `likely' result, not merely a `possible' one." Simmerer v.Dabbas, 89 Ohio St. 3d 586, 590 (2000). "[I]f the plaintiffs evidence on the issue of proximate cause is so meager and inconclusive that a finding of proximate cause would rest solely on speculation and conjecture, the defendant is entitled to judgment as a matter of law."Thewlis v. Munyon, 9th Dist. No. 2262-M, 1994 WL 57787 at *4 (Feb. 16, 1994) (citing Renfroe v. Ashley, 167 Ohio St. 472, *Page 4 
syllabus (1958)); see also Cobb v. Bushey, 152 Ohio St. 336, paragraph three of the syllabus (1949).
 {¶ 7} Ms. Meluch has argued that the mechanic's testimony was insufficient to establish that the collision caused the transmission problems. The magistrate wrote that the mechanic opined that the collision "could have" caused the problems. According to Ms. Meluch, his testimony established only the mere possibility of a causal connection. See Drakulich v. Indus. Comm'n, 137 Ohio St. 82, paragraph three of the syllabus (1940) (holding that testimony that a death "could have" resulted from a previous injury was insufficient to prove a causal connection).
 {¶ 8} The magistrate did not quote the mechanic verbatim. He merely summarized the mechanic's testimony as opining that the broken transmission part "could have been caused by the rear-end collision" and noted that the mechanic "could not state with certainty that it did." It is not clear from the magistrate's summary whether the mechanic testified about probability. While the mechanic may have stated that there was only a possible causal connection between the collision and the transmission problems, it is also possible that he opined that the collision probably caused the problems. The magistrate's summary is consistent with either opinion. Because it is not known whether the mechanic gave a specific opinion of probability, this is not a situation in which this Court can simply apply the law to undisputed facts. In the absence of a transcript or affidavit indicating what the mechanic said, the trial court correctly determined that the magistrate's decision should not be disturbed.
 CONFLICT OF RULES {¶ 9} Ms. Meluch has also argued that Rule 26 of the Cuyahoga Falls Municipal Court Rules, which, according to her, requires a litigant to request that a proceeding be recorded, is *Page 5 
unconstitutional because it conflicts with Rule 53(D)(7) of the Ohio Rules of Civil Procedure. "[U]nder Section 5(B), Article IV of the Ohio Constitution . . . local rules may not be inconsistent with any rule governing procedure or practice promulgated by [the Ohio Supreme Court], including the Rules of Civil Procedure." Vance v. Roedersheimer,64 Ohio St. 3d 552, 554 (1992). A local rule is enforceable "only to the extent that it is consistent with the Civil Rules." Id.
 {¶ 10} Ms. Meluch has failed to establish that the rules conflict. Rule 53(D)(7) provides that, "[e]xcept as otherwise provided by law, all proceedings before a magistrate shall be recorded in accordance with procedures established by the court." Cuyahoga Falls Municipal Court Rule 26 provides that "[a] written request for the recording of any proceeding should be made . . . on the day prior to trial in cases where a recording is not required by law. . . ." Under the municipal court rule, therefore, a party only has to ask for a proceeding to be recorded if its recording is not required by law. Accordingly, it does not conflict with Rule 53(D)(7)'s requirement that all proceedings before a magistrate be recorded.
 {¶ 11} To the extent that Ms. Meluch's argument is that Rule 53(D)(7) was not followed, she has not established plain error. See Civil Rule 53(D)(3)(b)(iv) (providing that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."). InBell v. Bell, 9th Dist. No. 2680-M, 1998 WL 332942 (June 24, 1998), this Court considered a similar situation, in which Mr. Bell did not object to the absence of a court reporter at a hearing and did not raise the issue in his objections to the magistrate's decision. Id. at *2. Although Mr. Bell could have submitted an affidavit to the trial court under Rule 53, which "sets forth a viable method for providing the trial court with the *Page 6 
evidence adduced at a hearing before a magistrate, in the event that a recording of proceedings is not available," he did not seize that opportunity either. Id. This Court concluded that he failed to establish plain error. Id.
 {¶ 12} Similarly, Ms. Meluch did not object to the fact that the proceeding before the magistrate was not being recorded and did not raise that issue in her objections to the trial court. Despite being granted two extensions of time to submit a transcript, statement of facts, or other evidentiary material by the trial court, she failed to submit an affidavit under Rule 53(D)(3)(b)(iii). As this Court noted inBell, Rule 53 "anticipates circumstances where a transcript of proceedings is not available to the trial court" and provides an "alternate method of getting the testimonial evidence before the trial court." Id. This Court concludes that the trial court's failure to overturn the magistrate's decision on the basis of Rule 53(D)(7) was not plain error. Ms. Meluch's assignment of error is overruled.
 CONCLUSION {¶ 13} Because there is no transcript of the hearing before the magistrate and Ms. Meluch did not submit an affidavit of the mechanic's testimony, this Court is unable to determine whether the evidence was insufficient to support the magistrate's decision. There is no conflict between Rule 53(D)(7) of the Ohio Rules of Civil Procedure and Rule 26 of the Cuyahoga Falls Municipal Court Rules. While the hearing did not comply with Rule 53(D)(7), Ms. Meluch has not demonstrated plain error. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
CLAIR E. DICKINSON FOR THE COURT
WHITMORE, J. CONCURS