[Cite as *Makowski v. Kohler*, 2011-Ohio-2382.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

JUDITH M. MAKOWSKI, et al.

    Appellees

    v.

DANIEL R. KOHLER, III, et al.

    Appellants

C.A. No.     25219

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2007 06 4347

DECISION AND JOURNAL ENTRY

Dated: May 18, 2011

---

BELFANCE, Judge.

{¶1} Defendant-Appellant Board of Park Commissioners of Cleveland Metropolitan Park District ("Cleveland Metroparks") appeals from the decision of the Summit County Court of Common Pleas denying its motion for summary judgment. For the reasons set forth below, we dismiss in part and affirm in part.

I.

{¶2} On the morning of November 20, 2006, Michael Platz, a mechanic employed by Cleveland Metroparks was heading westbound on Route 303, returning to work at the Hinckley Reservation after picking up a part from a store. Mr. Platz encountered a truck and trailer off to the side of the road that he had to pass on the way up a hill. He noticed that the van behind him, driven by Defendant Daniel Kohler, III, narrowly made it around the truck and trailer due to an oncoming truck in the eastbound lane. Mr. Platz proceeded down the hill and began braking in preparation for a left-hand turn onto Medina Line Road. It is disputed whether Mr. Platz utilized

his turn signal. Mr. Platz had to come to a complete stop at the intersection as a vehicle was approaching driving eastbound. That vehicle was driven by Plaintiff-Appellee Judith Makowski. Mrs. Makowski's husband, Plaintiff Appellee Roger Makowski was a passenger in the vehicle.

{¶3} Mr. Platz noticed that the van behind him driven by Mr. Kohler was not slowing down. Mr. Platz became concerned that the van would not be able to stop; thus, Mr. Platz began to accelerate in an attempt to prevent Mr. Kohler's vehicle from striking his. Mr. Kohler attempted to "thread the needle" and pass Mr. Platz's vehicle, believing he had enough time to re-enter the westbound lane without striking Mrs. Makowski's vehicle. Mr. Kohler, however, was unsuccessful and struck Mrs. Makowski's vehicle head-on. In addition, Mr. Kohler's vehicle also struck the rear portion of Mr. Platz's truck, slightly damaging the vehicle. Both Mr. and Mrs. Makowski suffered injuries as a result of the accident.

{¶4} In June 2007, Mr. and Mrs. Makowski filed a complaint for negligence and loss of consortium against Mr. Kohler and a claim for uninsured/underinsured coverage against Nationwide Insurance Company. The Makowski's amended their complaint adding Special Touch of Northeast Ohio, Inc. whom Mr. Kohler worked for, as a Defendant, and adding a claim based upon the theory of respondeat superior. The Makowskis later filed a second amended complaint adding their health insurance carrier as a Defendant, and adding a count against it. In addition, the second amended complaint included Mr. Platz as a Defendant, alleging that he was negligent in failing to use a turn signal. Mr. Platz asserted immunity as a defense in his answer. The Makowskis then moved to amend their complaint a third time in order to add or substitute Cleveland Metroparks as a Defendant in place of Mr. Platz. Cleveland Metroparks opposed this motion. Thereafter, the Makowskis' third amended complaint was filed, substituting Cleveland Metroparks in place of Mr. Platz. In addition, the Makowskis dismissed their claims against Mr.

Platz. Cleveland Metroparks then moved for summary judgment arguing that Mr. and Mrs. Makowskis' claims were barred by the statute of limitations, that Cleveland Metroparks was immune from liability, and that Mr. Kohler's actions were the proximate cause of the accident. Mr. and Mrs. Makowski responded in opposition and Cleveland Metroparks filed a reply.

{¶5} The trial court denied Cleveland Metroparks' motion for summary judgment, determining that the Makowskis' claims against Cleveland Metroparks were not barred by the statute of limitations and that genuine issues of material fact existed with respect to whether Mr. Platz negligently operated his vehicle and therefore with respect to whether Cleveland Metroparks was immune. Cleveland Metroparks has appealed, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR II

"THE LOWER COURT ERRED IN DENYING THE APPELLANT CLEVELAND METROPARKS THE BENEFIT OF IMMUNITY UNDER CHAPTER 2744 WHEN IT DETERMINED THAT THE LIMITATIONS PERIOD IN R.C. 2744.04 DID NOT PRECLUDE LIABILITY."

{¶6} Cleveland Metroparks asserts in its second assignment of error that the trial court erred in its determination that the Makowskis' claims were not barred by the statute of limitations contained in R.C. 2744.04. Cleveland Metroparks further contends that this determination denied it the benefit of immunity. This Court disagrees.

{¶7} "Generally, the denial of summary judgment is not a final, appealable order." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, at ¶9. However, "[w]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." Id. at syllabus. Nonetheless, an appeal from

such a decision is limited to the review of alleged errors in the portion of the trial court's decision which denied the political subdivision the benefit of immunity. See, e.g., *Essman v. City of Portsmouth,* 4th Dist. No. 08CA3244, 2009-Ohio-3367, at ¶10; *CAC Bldg. Properties v. City of Cleveland,* 8th Dist. No. 91991, 2009-Ohio-1786, at ¶9, fn. 1; *Carter v. Complete Gen. Constr. Co.,* 10th Dist. No. 08AP-309, 2008-Ohio-6308, at ¶8.

{¶8} Here, in concluding that Mr. and Mrs. Makowskis' claims were not barred by the statute of limitations, the trial court did not deny Cleveland Metroparks the benefit of immunity; the trial court denied Cleveland Metroparks the benefit of the statute of limitations. See *Essman* at ¶10. Therefore, the general rule that an appeal from the denial of a motion for summary judgment is not final applies to this assignment of error. See *Hubbell* at ¶9. Accordingly, we are without jurisdiction to examine the merits of this argument.

ASSIGNMENT OF ERROR I

"THE LOWER COURT ERRED IN DENYING THE APPELLANT CLEVELAND METROPARKS THE BENEFIT OF IMMUNITY UNDER CHAPTER 2744 WHEN IT DETERMINED THAT PLAINTIFFS/APPELLEES MET THEIR BURDEN TO DEMONSTRATE AN EXCEPTION TO THAT IMMUNITY."

{¶9} Cleveland Metroparks contends in its first assignment of error that the trial court erred in denying it the benefit of immunity as Mr. and Mrs. Makowski failed to demonstrate that Mr. Platz was negligent. We disagree.

{¶10} We review a ruling on a motion for summary judgment de novo. See *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105.

"Pursuant to Civ.R. 56(C), summary judgment is appropriately rendered when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" *Turner v.*

*Turner* (1993), 67 Ohio St.3d 337, 339-340, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

**{¶11}** On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issues of material fact exist. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. Id. at 293.

**{¶12}** Cleveland Metroparks asserts that it is immune pursuant to R.C. 2744.02(A) and that no exception under R.C. 2744.02(B) applies.

**{¶13}** In order to determine whether a political subdivision is immune from liability, we must engage in a three-tiered analysis. *Cater v. City of Cleveland* (1998), 83 Ohio St.3d 24, 28. The first tier sets forth the premise that:

> "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a government or proprietary function." R.C. 2744.02(A)(1).

**{¶14}** Pursuant to the second tier, we determine whether one of the five exceptions to immunity outlined in R.C. 2744.02(B) applies to hold the political subdivision liable for damages. *Cater,* 83 Ohio St.3d at 28. Lastly, immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies. Id.

**{¶15}** Neither side disputes that Cleveland Metroparks is a political subdivision. See, also, *Willoughby Hills v. Bd. of Park Commrs. of Cleveland Metro. Park Dist.* (1965), 3 Ohio St.2d 49, 51. Thus, absent an exception contained in R.C. 2744.02(B), Cleveland Metroparks would be immune from liability. Mr. and Mrs. Makowski assert that the relevant exception is R.C. 2744.02(B)(1), which states in pertinent part that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor

vehicle by their employees when the employees are engaged within the scope of their employment and authority." Neither side asserts that immunity is reinstated under R.C. 2744.03(A) or any subdivision of R.C. 2744.02(B)(1).

{¶16} Thus, Cleveland Metroparks would be subject to liability if Mr. Platz negligently operated the vehicle he was driving. See 2744.02(B)(1). It is undisputed that Mr. Platz was an employee of Cleveland Metroparks and was acting within the scope of his employment at the time of the accident.

{¶17} Essentially, Cleveland Metroparks asserts that because there is no evidence that Mr. Platz proximately caused the accident, Mr. Platz could not be said to have negligently operated the vehicle, even assuming that Mr. Platz failed to use his turn signal. Cleveland Metroparks further argues that even assuming that Mr. Platz proximately caused the accident, Mr. Kohler's negligence was the superseding, intervening cause of the accident.

{¶18} "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, at ¶21, citing *Menifee v. Ohio Welding Prods., Inc.* (1984), 15 Ohio St.3d 75, 77; see, also, *Avanesyan v. King*, 9th Dist. No. 22325, 2005-Ohio-2966, at ¶10. "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 645. "Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone." Id. "Proximate causation has been described as some reasonable connection between the act or omission of the defendant and the damage the plaintiff has suffered." (Internal quotations and citation omitted.) *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.* (1995),

73 Ohio St.3d 609, 618. The concept of intervening causation, however, is an affirmative defense to a negligence action. See id. at 619; see, also, *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 269. As "[t]he determination of intervening causation involves a weighing of the evidence, and an application of the appropriate law to such facts, [it is] a function normally to be carried out by the trier of the facts." (Internal quotations and citation omitted.) *Leibreich*, 67 Ohio St.3d at 269.

{¶19} The Supreme Court has stated that:

"The intervention of a responsible human agency between a wrongful act and an injury does not absolve a defendant from liability if that defendant's prior negligence and the negligence of the intervening agency co-operated in proximately causing the injury. If the original negligence continues to the time of the injury and contributes substantially thereto in conjunction with the intervening act, each may be a proximate, concurring cause for which full liability may be imposed. Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury." (Internal quotations and citation omitted.) *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 584.

{¶20} "In order to relieve a party of liability, a break in the chain of causation must take place. A break will occur when there intervenes between an agency creating a hazard and an injury resulting therefrom another conscious and responsible agency which could or should have eliminated the hazard." Id. "The test * * * is whether the original and successive acts may be joined together as a whole, linking each of the actors as to the liability, or whether there is a new and independent act or cause which intervenes and thereby absolves the original negligent actor." (Internal quotations and citation omitted.) *Leibreich*, 67 Ohio St.3d at 269.

{¶21} Accordingly,

"[t]he causal connection of the first act of negligence is broken and superseded by the second, *only if the intervening negligent act is both new and independent.* The term independent means the absence of any connection or relationship of cause and effect between the original and subsequent act of negligence. *The term new means that the second act of negligence could not reasonably have been*

*foreseen.*' Thus, the key determination whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence." (Internal quotations and citations omitted; emphasis in original.) Id. at 269-270.

"Intervening causation is not proven if the alleged intervening cause was reasonably foreseeable by the one who was guilty of the negligence. It is not necessary that the defendant should have anticipated the particular injury; it is sufficient that his act was likely to result in injury to some one." (Internal quotations and citations omitted.) *Queen City Terminals, Inc.*, 73 Ohio St.3d at 619.

{¶22} We agree with the trial court that genuine issues of material fact exist with respect to whether Mr. Platz was negligent in operating his vehicle. Assuming that Mr. Platz did not use his turn signal, there was evidence, which if believed, could allow one to reasonably conclude that Mr. Platz was a concurrent proximate cause of the accident.

{¶23} Mr. Kohler testified in his deposition that he noticed brake lights on Mr. Platz's truck when he was "at the top of the hill, more or less coming down, about halfway." Mr. Kohler stated that he did not realize Mr. Platz was stopped at the bottom of the hill about to make a turn until he did not have enough time to stop. Prior to that point in time, Mr. Kohler believed that Mr. Platz was "just braking down the hill." Mr. Kohler testified that he did not have enough time to stop behind Mr. Platz after he realized that Mr. Platz was stopped to turn and not just braking down the hill. Further, despite seeing Mrs. Makowski's vehicle coming from the other direction, Mr. Kohler believed he had enough time to pass Mr. Platz and avoid a collision with Mrs. Makowski's vehicle.

**{¶24}** While Mr. Platz testified in his deposition that he had his turn signal on, Mr. Kohler stated that Mr. Platz did not have his turn signal on. Thus, for purposes of summary judgment we will assume that he did not. Mr. Platz testified that:

> "I was riding my brakes the whole way down the hill. I had been going that way for the last 30 years almost, for parts. I know people make a run at you coming down that hill; and the ones that are going straight, they're right on your rear; so I know to ride the brakes the whole way down; turn on the turn signal to let them know you're turning, and I know – It happens every time. It's a bad intersection. I know cars coming the opposite way crest that hill, and you think you have a clear shot to make the turn, and you don't because you have to wait for them to go by, and people are right on your rear more times than not. So I know the intersection."

**{¶25}** Cleveland Metroparks' expert concluded in his report that Mr. Kohler had an unobstructed view for at least 1000 feet before the intersection and more than enough stopping distance to stop his vehicle if he had been paying attention. The expert concluded the actions of Mr. Platz did not contribute to the collision. However, in reaching this conclusion, the expert did not consider the possibility that Mr. Platz did not have his turn signal activated.

**{¶26}** Viewing Mr. Platz's testimony in a light most favorable to Mr. and Mrs. Makowski, the trier of fact could reasonably conclude that Mr. Platz knew that the intersection where he was attempting to make a turn was a dangerous intersection that required the use of a turn signal in order to give people behind him warning that he was turning and not merely slowing down due to the incline. Given Mr. Platz's testimony, it would not be unreasonable for a trier of fact to conclude that some type of injury was foreseeable based upon his failure to use his turn signal. See *Queen City Terminals, Inc.,* 73 Ohio St.3d at 619. Moreover, it would not be unreasonable for the trier of fact to conclude that Mr. Platz's negligent action of failing to use his turn signal combined with Mr. Kohler's negligent action of driving left of center and that these acts "may be joined together as a whole, linking each of the actors as to the liability[.]"

*Leibreich*, 67 Ohio St.3d at 269.  At the very least, this Court concludes that reasonable minds could reach different conclusions on the issue.  Therefore, under the particular facts of this case, the trier of fact could conclude that Mr. Platz's negligence was a concurrent proximate cause.

**{¶27}**  We thus conclude that because a genuine issue of material fact exists with respect to whether Mr. Platz negligently operated his vehicle, a genuine issue of material fact also exists with respect to whether Cleveland Metroparks is immune from liability.  See R.C. 2744.02(B)(1).

### III.

**{¶28}**  In light of the foregoing, we dismiss Cleveland Metroparks' second assignment of error and overrule its first assignment of error.

Judgment affirmed in part,
dismissed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

DICKINSON, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

JOHN T. MCLANDRICH, JAMES A. CLIMER, and FRANK H. SCIALDONE, Attorneys at Law, for Appellant.

DANIEL J. RYAN, Attorney at Law, for Appellees.

WILLIAM P. GIBBONS, Attorney at Law, for Appellees.