[Cite as *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| RONALD L. JONES, II. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013 CAE 01 0009 |
| DELAWARE CITY SCHOOL | : |  |
| DISTRICT BOARD OF EDUCATION | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant |  |  |


CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
                              Court of Common Pleas, Case No. 10 CVH
                              12 1850

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       September 10, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KATHLEEN ST. JOHN                     JOHN C. ALBERT
ANDREW R. YOUNG                       CRABBE, BROWN & JAMES, LLP
Nurenberg, Paris, Heller & McCarthy   500 South Front Street, Ste. 1200
1370 Ontario St., Ste. 100            Columbus, OH  43215
Cleveland, OH  44113-1708

*Gwin, P.J.*

**{¶1}** Appellant Delaware City School District Board of Education appeals the December 31, 2012 opinion and order from the Delaware County Court of Common Pleas denying its motion for summary judgment.

*Facts and Procedural History*

**{¶2}** Delaware Hayes High School has an orchestra pit in its auditorium. When the stage expanders are in place, the orchestra pit is not visible and the surface of the stage is expanded. The expanders are in place most of the time, except when the school is having musicals or plays. It takes several employees between four to eight hours to open or close the pit.

**{¶3}** On April 26, 2007, a student was injured at Delaware Hayes High School when he went into the dark auditorium to retrieve something and fell into the open orchestra pit. Subsequent to this incident in the spring or summer of 2007, changes were made to the stage in response to legislation known as "Jarod's Law." Jarod's Law, which has since been repealed, was enacted to improve school building safety. The Delaware County Health Department notified the school that it had to define the edge of the stage so that anyone approaching the edge would be aware of that there was a drop-off into the orchestra pit. The school then used phosphorescent glow tape around the edge of the stage and placed LED night lights in the orchestra pit to define the outer edge of the stage and show that there was a height differential between the stage and the orchestra pit.

**{¶4}** There is no dispute that, on October 30, 2009, the LED lights were not present in the orchestra pit and the glow tape was not around the edge of the stage. On

October 30, 2009, appellee Ronald L. Jones, II, a senior at the school, was making a movie about bullying for a contest sponsored by the Strand Theatre project. The project was not for a class or for a grade. Appellee received permission from the school's front office to use the auditorium that day and appellee filmed the first few scenes of his project in the school's main office. After filming the scenes in the main office, appellee and Officer Glazer, the school's Drug Abuse Resistance Education ("D.A.R.E") officer, proceeded to the auditorium to film additional scenes for the project. Appellee and Office Glazer went through the school hallway and went outside the school building to where the exterior doors to the auditorium were located. Officer Glazer went back inside the school to unlock the door for appellee while appellee waited outside a locked emergency exit with the remote control car he was using in the film.

{¶5} According to appellee, after Officer Glazer unlocked and opened the door, appellee held the door open so that Officer Glazer could drive the remote control car into the area. Appellee then followed Officer Glazer and the remote control car into the auditorium and onto the stage. After they entered the auditorium, the doors to the auditorium closed behind them, leaving the auditorium dark. Appellee followed behind the remote control car at a distance of less than a foot and Officer Glazer was approximately three feet in front of the remote control car. Once the doors to the auditorium shut, appellee was not able to see the car because it was too dark.

{¶6} Appellee then heard Office Glazer state he was going to turn on the lights so appellee could film. While Officer Glazer went to turn on the lights, appellee turned to his left and walked forward with a camera in his hand. Appellee took approximately three steps before falling into the orchestra pit. Appellee stated he was a member of

the school orchestra. However, he was unaware there was an orchestra pit in the auditorium because, when he was previously on stage, the orchestra pit was covered with the stage expanders.

{¶7} On December 29, 2010, appellee filed a complaint against appellant, alleging that appellant was negligent in allowing and maintaining the configuration of the orchestra pit as a physical defect as provided in R.C. 2744.02 and in failing to warn of the existence of the physical defect. Appellant filed a motion for summary judgment on April 2, 2012, arguing appellee was precluded from recovery under the open and obvious doctrine and that appellee was guilty of comparative negligence pursuant to the step-in-the-dark rule and precluded from recovery. Appellant also contended it was a political subdivision and was immune from liability and that it was immune from insurance subrogation claims, noting that UnitedHealth Care was pursuing recovery for medical bills paid on behalf of appellee. Appellee filed a memorandum in opposition to appellant's motion for summary judgment on April 26, 2012, and also filed appellee's affidavit on April 26, 2012. Appellant filed a motion to strike appellee's affidavit, arguing it contradicted his deposition testimony and was self-serving. Appellee filed a response to appellant's motion to strike on May 18, 2012.

{¶8} On December 31, 2012, the trial court denied appellant's motion for summary judgment and motion to strike. The court found appellee's affidavit did not contradict his prior deposition testimony and simply supplemented his deposition testimony. The trial court also found, with or without appellee's affidavit, there was sufficient evidence to create a genuine issue of material fact as to whether appellant was liable under R.C. 2744.02(B)(4) and whether the open and obvious doctrine barred

appellee from recovery. Finally, the trial court found that, with or without appellee's affidavit, there was a genuine issue of material fact regarding the parties' relative fault for the injury. Appellant filed an appeal of the trial court's December 31, 2012 decision and raises the following assignments of error on appeal:

{¶9} "I. THE TRIAL COURT ERRED IN DENYING DELAWARE CITY SCHOOL'S POLITICAL SUBDIVISION IMMUNITY."

*Summary Judgment*

{¶10} Civil Rule 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶11} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.,* 15 Ohio St.3d 321, 474 N.E .2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

{¶12} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E .2d 1243.

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine

dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

{¶14} Generally, an order denying a motion for summary judgment is not a final appealable order subject to appellate review. However, O.R.C. 2744.02(C) states that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of any alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Further, the Ohio Supreme Court has held, "when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and there is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia,* 115 Ohio St.3d 77 at syllabus, 2007–Ohio–4839, 873 N.E.2d 878 (2007). Accordingly, the portion of the judgment entry denying appellant's motion for summary judgment based on political subdivision immunity is a final appealable order.

I.

*Jurisdiction*

{¶15} As an initial matter, we note appellant argues, in part, that the trial court erred in denying its motion for summary judgment because the open and obvious doctrine applied and precluded appellee from asserting a claim of negligence. However, because the denial of appellant's summary judgment motion based on the open and obvious doctrine presents an issue of common law negligence and did not deny appellant the benefit of an alleged immunity, this Court does not have jurisdiction to consider the merits of such an argument until the decision becomes final. See *Todd*

*v. Cleveland*, 8th Dist. No. 98333, 2013-Ohio-101; *Leasure v. Adena Local School District*, 4th Dist. No. 11CA3249, 2012-Ohio-3071.

{¶16} Appellant also argues the trial court erred in failing to strike appellee's affidavit, in failing to sustain their argument that it was immune from insurance subrogation claims pursuant to R.C. 2744.05(B), and that appellee should be precluded from introducing evidence of medical bills at trial. As noted above, R.C. 2744.02(C) explicitly states that an order denying a "political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is final order." However, appellate review under R.C. 2744.02(C) is limited to the denial of immunity. *Makowski v. Kohler*, 9th Dist. No. 25219, 2011-Ohio-2382. Thus, when appealing the denial of immunity under R.C. 2744.02(C), a party may not raise other alleged errors concerning the denial of summary judgment. *Leasure v. Adena Local School District*, 4th Dist. No. 11CA3249, 2012-Ohio-3071. The trial court found that "with or without" appellee's affidavit, appellant is not entitled to political subdivision immunity. The trial court's denial of the motion to strike the affidavit is an evidentiary issue outside R.C. 2744.02(C)'s limited grant of jurisdiction to consider orders denying a political subdivision the benefit of an alleged immunity and thus we lack jurisdiction to review the trial court's denial.

{¶17} Further, the R.C. 2744.05(B) subrogation issue presented by appellant does not address immunity, but damages ("if a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy * * * of insurance * * * the amount of benefits shall be deducted from any award against a political subdivision recovered by that claimant") and the potential introduction of medical bills at trial. The

decision by the trial court not to address the R.C. 2744.05(B) issue did not deny appellant the benefit of an alleged immunity and we again lack jurisdiction to review the trial court's determination.

*Political Subdivision Immunity*

**{¶18}** Appellant argues the trial court erred in denying its motion for summary judgment because it was immune from liability pursuant to R.C. Chapter 2744. The Political Subdivision Tort Liability Act affords political subdivisions immunity from certain types of actions. Pursuant to R.C. 2744.01(F) a school district is a political subdivision. R.C. 2744.01(C)(2)(c) states that a governmental function includes the provision of a system of public education. Therefore, Delaware City School District is a political subdivision for purposes of the Political Subdivision Tort Liability Act and is therefore able to assert immunity pursuant to R.C. 2744.02(A)(1).

**{¶19}** Determining whether a political subdivision is immune from liability involves a three-tiered analysis. *Cater v. Cleveland,* 83 Ohio St.3d 24, 697 N.E.2d 610 (1998). In the first tier, R.C. 2744.02(A) provides broad immunity to political subdivisions and states that, a "political subdivision is not liable in damages in a civil action for injury, death or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." In the second tier of the analysis, R.C. 2744.02(B) provides five exceptions that may lift the broad immunity provided for in R.C. 2744.02(A). In the third tier, immunity may be reinstated if the political subdivision can demonstrate the applicability of one of the defenses found in R.C. 2744.03(A)(1) through (5). *Cater,* 83 Ohio St.3d 24.

*R.C. 2744.02(B)(4)*

**{¶20}** Here, appellee's claims fall within the general grant of immunity found in R.C. 2744.02(A)(1) and appellant is thus protected under the first tier of analysis. Under the second tier of the analysis, we must determine whether one of the exceptions to immunity found in R.C. 2744.02(B) applies. The exception in R.C. 2744.02(B) implicated by this case that potentially defeats appellant's immunity is R.C. 2744.02(B)(4) which provides:

"* * * political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as denied in section 2921.01 of the Revised Code."

**{¶21}** In this case, appellant maintains there was no physical defect in the orchestra pit and that the orchestra pit operated as intended. We disagree.

**{¶22}** The phrase "physical defect" is not defined in R.C. Chapter 2744. However, in general, courts have held the R.C. 2744.02(B)(4) physical defect exception may apply if the instrumentality that caused appellee's injury did not operate as intended due to a perceivable condition or if the instrumentality contained a perceivable imperfection that impaired its worth or utility. *Leasure v. Adena Local School District*, 4th Dist. No. 11CA3249, 2012-Ohio-3071. When the instrumentality that caused a

plaintiff's injury operated as intended or did not contain any perceivable imperfection that impaired or diminished its utility, courts have concluded the instrumentality did not constitute a physical defect. *Id.* See also, *Hamrick v. Bryan City School Dist.*, 6th Dist. No. WM-10-014, 2011-Ohio-2572 (holding that when a utilities worker fell into a service pit at the school bus garage, immunity is applicable because there was no evidence the maintenance pit did not operate as intended); *Duncan v. Cuyahoga Community College*, 970 N.E.2d 1092, 2012-Ohio-1949 (8th Dist.) (holding that the lack of mats on the floor of a classroom during a self-defense class did not constitute a physical defect pursuant to R.C. 2744.02(B)(4)).

{¶23} When an instrumentality does not operate as intended (i.e. safely) due to a perceivable condition, it loses its ability to function in a safe manner and may constitute a perceivable imperfection that diminishes the instrumentality's utility or worth. *Id.* (finding material issues of fact remained as to whether improperly set-up bleachers constituted a physical defect); See also, *DeMartino v. Poland Local School Dist.,* 7th Dist. No. 10MA19, 2011-Ohio-1466 (determining that operating a lawnmower without the required discharge chute could constitute a physical defect); *Yeater v. Board of Ed. LaBrae School Dist.*, 11th Dist. No. 2009-T-0107, 2010-Ohio-3684 (determining genuine issues of material fact remained regarding physical defect exception to immunity when evidence existed that volleyball equipment contained loose bolts). Further, there is no requirement that the instrumentality that caused the injury contain an inherent defect. *Id.* at 817 (stating there is no evidence the bleachers were inherently defective, but the defect apparently arose due to improper setup of the

bleachers); *Yeater*, 11 Dist. No. 2009-T-0107, 2010-Ohio-3684 (finding there was nothing inherently wrong with the equipment, but the defect resulted from loose bolts).

{¶24} In this case, the orchestra pit was not inherently defective. However, the orchestra pit without the reflective tape and lights could constitute a physical defect and the R.C. 2744.02(B)(4) exception may apply because the orchestra pit did not operate as intended (i.e. safely) due to a perceivable condition (i.e. removal of the lights and reflective tape) and thus the removal of the lights and reflective tape could have diminished the worth or utility of the orchestra pit and its ability to function in a safe manner.

{¶25} Further, we find the *Hamrick* and *Duncan* cases as cited above to be distinguishable from the instant case because this case involves previously existing safety precautions that were absent at the time of the accident but had been installed to prevent individuals from falling into the orchestra pit.

{¶26} Appellee submitted the testimony of Larry Davis, Director of Facilities for Delaware City Schools, which provided that the purpose of the reflective tape was to show anyone approaching the orchestra pit that there was a drop off into the pit. Appellee further submitted evidence that appellant often maintained the auditorium with the orchestra pit covered, appellant had actual knowledge of the potential safety issue with the orchestra pit because of a prior incident, and that appellant previously maintained lighting and reflective tape to reduce the risk of an accident, but removed those protections before this incident. Appellant offered contrary evidence to that of appellee. However, if appellee's evidence is believed, then the trier of fact could find the orchestra pit constituted a physical defect and the R.C. 2744.02(B)(4) exception

could remove appellant's R.C. 2744.02(A)(1) immunity. Accordingly, the trial court did not err when it determined genuine issues of material fact remained regarding whether appellee's injury was due to a physical defect.

*R.C. 2744.03(A)(5)*

**{¶27}** Appellant further argues immunity should be reinstated under the third tier of analysis pursuant to R.C. 2744.03(A)(5) because appellant used its judgment and discretion in determining how to use equipment and facilities. We disagree.

**{¶28}** Immunity pursuant to R.C. 2744.03(A)(5) relates to activities that require the balancing of alternatives or making decision involving a heightened amount of official judgment or discretion. *Inland Prods Inc. v. Columbus*, 193 Ohio App.3d 740, 2011-Ohio-2046, 954 N.E.2d 141 (10th Dist.). "[R]outine decisions requiring little judgment or discretion and that, instead, portray inadvertence, inattention, or unobservance, are not covered by the defense provided in R.C. 2744.03(A)(5)." *Hubbell v. Xenia*, 175 Ohio App.3d 99, 2008-Ohio-490, 885 N.E.2d 290 (2d Dist.). Courts must construe the R.C. 2744.03(A)(5) discretionary defense narrowly. *Green Cty. Agricultural Soc. v.* Liming, 89 Ohio St.3d 551, 733 N.E.2d 1141 (2000). Further, a school's failure to maintain its premises in safe condition "does not involve the type of decision making with respect to public policy and planning that is characterized by a high degree of discretion and judgment." *Yeater*, 11 Dist. No. 2009-T-0107, 2010-Ohio-3684.

**{¶29}** First, the decision to open and close the pit is a routine decision that does not involve policymaking or a high degree of discretion. In addition, the alleged negligence in this case arises not from the decision to open the pit, but from the removal

of the reflective tape and lighting from the orchestra pit. As noted above, a school's failure to maintain its premises in a safe condition does not involve the type of decision-making characterized by a high degree of discretion and judgment. Operating the orchestra pit in a safe manner does not involve the creative exercise of political judgment. Therefore, the affirmative defense contained in R.C. 2744.03(A)(5) does not apply to this case and cannot be used by appellant to reinstate its immunity.

{¶30} As a result of the three-tiered immunity analysis, we find the trial court did not err in denying appellant's motion for summary judgment. Appellant's assignment of error is overruled.

{¶31} For the foregoing reasons, the portion of the trial court's judgment entry issued on December 31, 2012, denying appellant's motion for summary judgment based on political subdivision immunity is affirmed.

By Gwin, P.J., and

Delaney, J., concur;

Baldwin, J., dissents

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. CRAIG R. BALDWIN


WSG:clw 0814

*Baldwin J., dissents*

{¶32} I respectfully dissent from the majority's analysis and disposition of appellant's sole assignment of error.

{¶33}    I believe that the case of *Hamrick v. Bryan City School Dist.*, 6th Dist. No. WM-10-014, 2011-Ohio-2572 is instructive. In *Hamrick*,   a utilities worker, who was employed by a municipal utilities department, and his wife sued the school district, alleging that its negligence in allowing an unmarked service pit on its premises was the proximate cause of the worker's injuries. The worker had fallen into the service pit that was located in a multi-bay school bus garage. The trial court found that the school was immune from liability and granted summary judgment in favor of the school.  The trial court concluded that, with reference to the maintenance pit, "[t]here is no evidence of any 'physical defect'; it operated as intended. * * * The pit did not fail to function as intended."

{¶34} The worker then appealed, arguing that the pit should have been covered and the lip surrounding the pit should have been painted a different color.  In affirming the decision of the trial court, the court, in *Hamrick*, stated, in relevant part, as follows:

"The phrase 'physical defect' is not statutorily defined, neither has appellant brought to our attention authority demonstrating that the phrase has acquired any technical meaning.  As a result, we must look to common usage of the words in the context of the statute as a whole to determine its meaning.

{¶35} "The word 'physical' is defined as 'having a material existence: perceptible esp[ecially] through senses and subject to the laws of nature.' Merriam Webster's New Collegiate Dictionary (10 Ed.1996) 877. A 'defect" is 'an imperfection that impairs worth

or utility.' *Id.* at 302. It would seem then that a 'physical defect' is a perceivable imperfection that diminishes the worth or utility of the object at issue.

{¶36} "Appellant has presented no evidence that there was any discernable imperfection that diminished the utility of either the bus garage or the service pit. There is nothing of record to suggest that either did not perform as intended or was less useful than designed. Consequently, the trial court properly concluded that appellee school district was entitled to statutory governmental immunity in this instance." Id at paragraphs 27-29. See also *Duncan v. Cuyahoga Community College*, 970 N.E.2d 1092, 2012-Ohio-1949 (8th Dist), in which the court held that the lack of mats on the floor of a classroom during a self-defense class did not constitute a "defect" as that word is used in R.C. 2744.02(B)(4).

{¶37} Upon my review of the record, I would find that appellee was not injured due to a physical defect and that, therefore, the trial court erred in denying appellant's Motion for Summary Judgment. I concur with appellant that the lack of glow tape around the stage edges and lighting in the orchestra pit did not diminish the worth or utility of the orchestra pit and that there is no evidence that the orchestra pit did not operate as intended due to a perceivable condition. Moreover, as noted by appellant, there is no evidence that the orchestra pit was not installed or set up improperly or that it violated any building code.

{¶38} Based on the foregoing, I would find that the trial court erred in denying appellant's Motion for Summary Judgment and that appellant is entitled to immunity. I would sustain appellant's assignment of error and would reverse the judgment of the trial court.

_____

CRAIG R. BALDWIN

[Cite as *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

RONALD L. JONES, II.           :
                                         :
           Plaintiff-Appellee   :
                                           :
                                         :
-vs-                              :       JUDGMENT ENTRY
                                         :
DELAWARE CITY SCHOOL      :
DISTRICT BOARD OF EDUCATION  :
                                         :
                                         :
          Defendant-Appellant  :       CASE NO. 2013 CAE 01 0009

For the reasons stated in our accompanying Memorandum-Opinion, the portion of the trial court's judgment entry issued on December 31, 2012, denying appellant's motion for summary judgment based on political subdivision immunity is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN