[Cite as *McGuire v. Zarla*, 2012-Ohio-2976.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DAVID MCGUIRE dba MCGUIRE'S
HARDWOOD FLOORING

    Appellee

    v.

BRIAN ZARLE

    Appellant

C.A. No.     26058


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 05 2543

DECISION AND JOURNAL ENTRY

Dated: June 29, 2012

---

CARR, Judge.

{¶1} Appellant, Brian Zarle, appeals the judgment of the Summit County Court of Common Pleas. This Court dismisses the appeal.

I.

{¶2} This case arises out of a dispute between Brian Zarle and appellee, David McGuire, regarding the nature of their business relationship. In late 2004, the two men began working together in a hardwood flooring business. Zarle maintains that the business, called "McGuire's Hardwood Floors," was a partnership between him and McGuire. McGuire denies that a partnership existed and contends that Zarle was hired as an employee. The two men worked together in some capacity from 2005 to 2007 at McGuire Hardwood Floors. In late 2007, McGuire informed Zarle that he wanted to discontinue their relationship because McGuire was entering into a partnership with R.J.'s Floors. While McGuire began working at a business known as "Dave McGuire and Ron Joseph Hardwood Floors," Zarle registered the trade name

"McGuire's Hardwood Floors" with the Secretary of State and began operating and aggressively promoting the business as his own. When McGuire learned that Zarle was promoting his business as "McGuire's Hardwood Floors," he contacted Zarle and requested that Zarle stop using that trade name. Zarle refused to honor McGuire's request.

{¶3} On May 11, 2011, McGuire filed a complaint against Zarle, alleging a claim of tortious interference and/or conversion as a result of Zarle's use of McGuire's name, and requesting both temporary and permanent injunctive relief to enjoin and restrain Zarle from doing business under the name "McGuire's Hardwood Floors" or "McGuire's Hardwood Flooring." The trial court promptly scheduled a hearing for June 1, 2011, on McGuire's request for a temporary restraining order. On June 2, 2011, the trial court issued a journal entry granting the temporary restraining order. On June 10, 2011, the trial court issued a journal entry indicating that, based upon an agreement of the parties, the temporary restraining order would be extended for an additional 14 days to June 29, 2011, at which time a hearing would be held on McGuire's request for a preliminary injunction.

{¶4} Prior to the issuance of the temporary restraining order, on May 26, 2011, Zarle filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). On June 8, 2011, McGuire filed an amended complaint in which he maintained the claims in his original complaint, but added a claim for deceptive use of a trade name. On June 22, Zarle filed an answer to the amended complaint.

{¶5} The parties appeared as scheduled for a hearing on McGuire's request for a preliminary injunction June 29, 2011. On July 5, 2011, the trial court issued an order granting McGuire's request for a preliminary injunction, and denying Zarle's motion to dismiss the

complaint. Zarle filed a notice of appeal on August 2, 2011. On appeal, he raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WERE IMPROPERLY GRANTED BECAUSE APPELLEE HAS FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THE LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE HE FAILED TO PRESENT ANY EVIDENCE THAT "MCGUIRE'S HARDWOOD FLOORS" OR ANY TRADE NAME WITH THE TERM "MCGUIRE'S" HAS OBTAINED SECONDARY MEANING AND IS ENTITLED TO PROTECTION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BECAUSE APPELLEE HAS FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THE LIKELIHOOD OF SUCCESS ON THE MERITS DUE TO HIS ADMISSION THAT HE CANNOT CALCULATE ANY DAMAGES ASSOCIATED WITH APPELLANT'S CONDUCT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING APPELLEE'S TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BECAUSE APPELLEE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT HE WILL SUFFER IRREPARABLE HARM SINCE APPELLEE ADMITTED KNOWLEDGE OF APPELLANT'S BUSINESS ACTIVITIES FOR MORE THAN TWO YEARS PRIOR TO INSTITUTING THIS LITIGATION.

{¶6} Zarle raises three assignments of error on appeal relating to the trial court's order granting McGuire's request for a temporary restraining order and a preliminary injunction. This Court cannot reach the merits of McGuire's assignments of error, as he has not appealed from a final, appealable order.

{¶7} The Ohio Constitution limits this Court's jurisdiction to the review of final judgments. Section (3)(B)(2), Article IV, Ohio Constitution. In the absence of a final,

appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Helmstedter v. Helmstedter*, 9th Dist. No. 24237, 2009-Ohio-3559, ¶ 9. "It is well established that the granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order." *Deyerle v. Perrysburg*, 6th Dist. No. WD-03-063, 2004-Ohio-4273, ¶ 14, quoting *Woodbridge Condominium Owners' Assn. v. Friedland*, 11th Dist. No. 2003-L-073, 2004-Ohio-14, ¶ 4. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶8} On December 15, 2011, McGuire filed a motion to dismiss the appeal on the basis that Zarle had not appealed from a final, appealable order. On December 27, 2011, Zarle filed a response in which he argued that the order was appealable because it granted a provisional remedy and satisfied the requirements of R.C. 2505.02(B)(4), which states, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * *:

> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action" and expressly includes an order for a preliminary injunction.

{¶9} In support of his position that he should be able to appeal the trial court's order, Zarle relies heavily on the Eleventh District's decision in *LCP Holding Co. v. Taylor*, 158 Ohio App.3d 546, 2004-Ohio-5324 (11th Dist.), and argues that he has "effectively been forced to close the doors to his business and start a new flooring business." Zarle also argues that the trial court's order impacts his marketing campaign and, therefore, is a restraint of speech.

{¶10} In its order granting the preliminary injunction, the trial court found that McGuire had been operating in the hardwood flooring business since 1994 and had been doing business using several derivatives of his last name since 2004. Zarle worked with McGuire from 2005 until the end of 2007. During that time, Zarle also had his own business, Construction Zone, and performed work with McGuire through Construction Zone. For any work performed by Zarle, he was paid via checks from "David McGuire dba 'McGuire's.'" McGuire and Zarle parted ways in late 2007 and McGuire continued to perform work using derivatives of his surname. Soon after the parties discontinued their relationship, Zarle registered the name "McGuire's Hardwood Floors" with the Ohio Secretary of State. At the time Zarle registered the trade name, he was aware that McGuire was operating a hardwood flooring business which included the name "McGuire" in the title. The trial court further found that since 2008, Zarle has, verbally and in printed and electronic advertisements, held himself out to be "McGuire's Hardwood Flooring." Zarle has at times also advertised his business as "family owned and operated," "the one and only 'McGuire,'" and "the real 'McGuire.'" In light of these findings, the trial court ordered that Zarle be enjoined, pending trial on the matter, from communicating the name McGuire's, McGuire's Hardwood Floor, or McGuire's Hardwood Flooring; from employing or using materials with the aforementioned names; or from otherwise advertising or suggesting a

relationship with the aforementioned names. Zarle was further ordered to discontinue all printed, electronic and other advertising in this business in which the aforementioned names were used.

**{¶11}** At the outset, we note that the requirement set forth set forth R.C. 2505.02(B)(4)(1) has been satisfied, as trial court has issued an order determining the action with respect to the provisional remedy of a preliminary injunction.

**{¶12}** With respect to the second requirement contained in R.C. 2505.02(B)(4)(b), however, the order does not place Zarle in a position where he would be prevented from obtaining an effective remedy by appealing following a final judgment. McGuire is ultimately seeking a permanent injunction and the trial court clearly contemplated further action as it ordered the preliminary injunction to remain in place only "until trial of this matter." *See McMonagle* at ¶ 4. If this case proceeded to final judgment and the trial court granted a permanent injunction to McGuire, Zarle would still have the right to appeal that judgment to this Court. While Zarle relies on the Eleventh District's decision *LCP Holdings Co.* in support of his position that he has effectively been forced to cease business operations, we find this matter distinguishable as the trial court's order does not result in a complete loss of market share and does not involve the dissemination of trade secrets. Zarle worked in the hardwood flooring business prior to his relationship with McGuire, and he can continue to do so in light of the preliminary injunction. The trial court's order neither required Zarle to cease operation of his hardwood flooring business, nor prevented him from servicing current customers or soliciting new customers in a manner that did not involve the use of McGuire's name. Instead, the trial court's order merely enjoined Zarle from using McGuire's name on a temporary basis while a live controversy existed as to whether Zarle had a right to operate under the trade name

"McGuire's Hardwood Floors." Thus, the requirements set forth in R.C. 2505.02(B)(4)(b) have not been satisfied.

{¶13} Zarle also argues that this matter must be immediately appealable because the trial court's order constituted a restraint of protected speech. On appeal, Zarle has not argued that the preliminary injunction violated his First Amendment rights. Because Zarle has not raised an assignment of error alleging a violation of his First Amendment rights, this Court cannot exercise jurisdiction over this matter on that basis.

{¶14} We conclude that the trial court's order granting McGuire's request for a preliminary injunction does not satisfy the requests of a final, appealable order under R.C. 2505.02(B)(4). This matter is hereby dismissed for lack of a final, appealable order.

III.

{¶15} In light of the foregoing, we are without jurisdiction to determine the merits of McGuire's appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

R. BRIAN BORLA, Attorney at Law, for Appellant.

JAMES R. HINTON, Attorney at Law, for Appellee.