[Cite as *Thomas v. Bauschlinger*, 2013-Ohio-1164.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SEAN A. THOMAS, et al.

    Appellants

    v.

JIM BAUSCHLINGER, et al.

    Appellees

C.A. No.    26485

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 11 6168

DECISION AND JOURNAL ENTRY

Dated: March 27, 2013

---

MOORE, Presiding Judge.

{¶1}    Plaintiffs, Sean and David Thomas, appeal from the judgment of the Summit County Court of Common Pleas, which dismissed their complaint. This Court affirms in part, reverses in part, and remands this matter to the trial court for further proceedings consistent with this opinion.

I.

{¶2}    On November 1, 2011, Sean and David Thomas filed a complaint against the following defendants in the trial court in reference to property the City had condemned: (1) Jim Bauschlinger, Building Commissioner for the City of Barberton, (2) Robert Genet, Mayor of the City of Barberton, and (3) Holly Reese, "Prosecutor" for the City of Barberton (collectively "Appellees").[1] In the complaint, the Thomases alleged that, in 2009, the City's Building

---

[1] The City's Charter reflects that the City's Department of Law, under the direction of the Law Director, conducts prosecutions in the City's municipal court. Barberton City Charter Section 4.05(c).

Department had condemned a building and garage owned by Sean Thomas and occupied by Sean and David Thomas. The Thomases maintained that, in the same year, officers from the City's Police Department had entered the building without a warrant, "roughed" up Sean Thomas, and arrested him. The City then charged Sean Thomas with criminal trespass, and he was found guilty of that offense.

{¶3} The Thomases further alleged that, when the property was condemned, they had personal property belonging to themselves and their family members located in the building and the garage. The Thomases maintained that, in September of 2011, while the order of condemnation and a subsequent order of demolition of the building and garage were on appeal to this Court, the City demolished the real property, destroying their personal property in the process. The Thomases alleged that they had not received notice of the demolition and that the Building Department refused to allow them entry onto the premises to retrieve their belongings prior to the demolition. In their prayer for relief, the Thomases requested compensation for: the destruction of their real and personal property, the warrantless entry onto the property by police officers, the excessive use of force by police officers, the malicious prosecution of Sean Thomas, intentional infliction of emotional distress, and punitive damages.

{¶4} Appellees filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), in which the Appellees argued that, even if all facts alleged in the complaint were taken as true, they were immune from suit. The trial court agreed and dismissed the complaint.

{¶5} The Thomases timely appealed from the journal entry dismissing the complaint and now present six assignments of error for our review. Although separately captioning the assignments of error, the Thomases have combined discussion of their assigned errors into one

argument in the body of their brief. We have reordered the assignments of error and separated the discussion of the fourth assignment of error to facilitate our review.

II.

## ASSIGNMENT OF ERROR IV

TRIAL COURT ERR[]ED IN DISMISSING CHARGES AGAINST BARBERTON POLICE DEPARTMENT AND OFFICER, AS THEY WERE NOT NAMED AS PARTIES AND CHARGES MADE ARE SUFFICIENT TO STATE CLAIM.

{¶6} In their fourth assignment of error, the Thomases contend that the trial court erred in dismissing their purported claims against a police officer and the Police Department for excessive use of force by a police officer, despite the Thomases' failure to name the Department and the officer as defendants in the complaint.

{¶7} We note that the Thomases have appeared before this Court pro se. We have noted that pro se litigants are afforded:

reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3.

{¶8} In their complaint, the Thomases maintained that a police officer "roughed" up Sean Thomas when the officers came onto the property and arrested him. However, their complaint did not allege that any of the named defendants had used excessive force or were liable for the use of excessive force. Further, the Thomases did not name any John Does as defendants. The trial court dismissed the purported claim of excessive force for failure to state a claim on which relief could be granted.

{¶9}     As set forth above, the Thomases have not separately argued their assignments of error.  *See* App.R. 16(A)(7); Loc.R. 7(B)(7).  After a review of the combined discussion in their brief, we can locate no developed argument addressing their fourth assignment of error.  Instead, on this issue in their merit brief, the Thomases merely maintain that their claim for excessive use of force by the police officer would entitle them to relief if proven true.  However, the Thomases fail to point to authority to support this statement and fail to develop this argument.

{¶10}     It is the appellants' responsibility to ensure that their argument "is supported by citations to legal authority and facts in the record."  *State v. Taylor*, 9th Dist. No. 2783-M, 1999 WL 61619, *3 (Feb. 9, 1999); *see also* App.R. 16(A)(7).  "It is not the function of this court to construct a foundation for [the appellants'] claims[.]"  *Catanzarite v. Boswell*, 9th Dist. No. 24184, 2009-Ohio-1211, ¶ 16.  We decline to develop arguments to support the Thomases' fourth assignment of error on their behalf.  Accordingly, their fourth  assignment of error is overruled.

### ASSIGNMENT OF ERROR I

TRIAL COURT ERR[]ED IN FINDING [THE THOMASES] ASSERTED NO FACTS THAT [APPELLEES] WERE ACTING IN BAD FAITH, OR WITH WANTO[N] AND RECKLESS DISREGARD.

### ASSIGNMENT OF ERROR II

TRIAL COURT ERR[]ED IN NOT APPLYING REQUIREMENT THAT [THE THOMASES] BEYOND DOUBT COULD NOT BE ABLE TO PROVE ANY FACTS WHICH WOULD WARR[A]NT RELIEF.

### ASSIGNMENT OF ERROR III

TRIAL COURT ERR[]ED IN FINDING THAT [THE THOMASES'] STATEMENT THAT THEIR DAMAGES AROSE OUT OF WILLFUL AND WANTON ACTS[ ]OF [APPELLEES] WERE NOT SUPPORTED BY FACTUAL ALL[E]GATIONS.

## ASSIGNMENT OF ERROR V

TRIAL COURT ERR[]ED IN FINDING [THE THOMASES] FAILED TO STATE FACTS THAT IF PROV[E]N WOULD ESTABLISH CAUSES OF ACTION.

## ASSIGNMENT OF ERROR VI

TRIAL[ ]COURT ERR[]ED IN GRANTIN[G] DISMISSAL FOR FAILURE TO STATE CLAIM.

{¶11} In the Thomases' remaining assignments of error, they maintain that the trial court erred in dismissing their complaint for failing to state a claim on which relief could be granted due to the Appellees' purported immunity.

{¶12} We review de novo a motion to dismiss for failure to state a claim upon which relief can be granted. *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.*, 101 Ohio App.3d 760, 762 (9th Dist.1995). Dismissal of a claim is appropriate where, after accepting as true all factual allegations of the claim and resolving all reasonable inferences in favor of the nonmoving party, "it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief." *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, ¶ 19, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). The defense of immunity may be raised in a motion to dismiss pursuant to Civ.R. 12(B)(6). *Slonsky v. J.W. Didado Elec. Inc.*, 9th Dist. No. 24228, 2008-Ohio-6791, ¶ 6-9 (defense of sovereign immunity can be raised in a motion to dismiss); *see also Pierce v. Woyma*, 8th Dist. No. 94037, 2010-Ohio-5590, ¶ 38 ("An affirmative defense, such as statutory immunity, may be asserted through a motion to dismiss so long as the basis for the defense is apparent from the face of the complaint.").

{¶13} We will separately address the propriety of dismissing the complaint as it relates to the purported immunity of Mayor Genet, Ms. Reese, and Mr. Bauschlinger.

Claims Against Mayor Genet

{¶14} In its entry dismissing the complaint, the trial court determined that Mayor Genet was immune from liability in regard to the Thomases' claim pursuant to R.C. Chapter 2744. In their combined discussion of their assignments of error, the Thomases provide broad legal rules regarding motions to dismiss and immunity. The Thomases then apply these principles to develop arguments pertaining to their purported claims against Ms. Reese and Mr. Bauschlinger. However, we can locate no developed argument that the trial court erred in dismissing the claims against the Mayor. *See* App.R. 16(A)(7); Loc.R. 7(B)(7). We decline to develop an argument on the Thomases' behalf. Therefore, to the extent that the Thomases' assignments of error challenge the trial court's dismissal of the complaint in regard to the Mayor, their assignments of error are overruled.

Claims Against Ms. Reese

{¶15} In regard to Ms. Reese, the trial court determined that dismissal of the complaint was warranted based upon her immunity as a criminal prosecutor under R.C. 2744.03(A)(7) and as an employee of a political subdivision under R.C. 2744.03(A)(6).

{¶16} Pursuant to R.C. 2744.03(A)(7), "The political subdivision, and an employee who is a county prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a political subdivision, an assistant of any such person, or a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code." "[I]t is well-settled common law in Ohio that prosecutors enjoy absolute immunity from suit for acts committed in their roles as judicial officers. Prosecutors are considered 'quasi-judicial' officers, and as such they are entitled to absolute immunity when their activities are 'intimately associated with the judicial phase of the criminal process.'" *Hawk*

*v. Am. Elec. Power Co.*, 3rd Dist. No. 1-04-65, 2004-Ohio-7042, ¶ 8, quoting *Willitzer v. McCloud*, 6 Ohio St.3d 447, 449 (1983). "The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function." (Quotation omitted.) *Hawk* at ¶ 9. Therefore, Courts have held that the immunity of prosecutors extends to allegations of malicious prosecution. *Id.*, citing *Hunter v. Middletown*, 31 Ohio App.3d 109, 110 (12th Dist.1986); *see also Jopek v. Cleveland*, 8th Dist. No. 93793, 2010-Ohio-2356, ¶ 34-36.

{¶17} Here, although the Thomases did not specifically attribute liability to Ms. Reese in the body of their complaint, the Thomases maintained that Sean Thomas was "charged with criminal trespass, a crime he could not commit." The Thomases maintained that the charge resulted in a guilty conviction, which was, at that time, on appeal to this Court. In their prayer for relief, the Thomases requested damages for "malicious prosecution[.]" Even were we to liberally construe the allegation and prayer when read together as sufficiently stating a claim for malicious prosecution against Ms. Reese, a construction urged by the Thomases, prosecutorial immunity would shield her from liability. *See Hawk* at ¶ 9. Therefore, taking as true the allegations of the complaint, the Thomases would not succeed on a claim of malicious prosecution against Ms. Reese. Accordingly, the claims against Ms. Reese were properly dismissed. *See id.* To the extent that the Thomases argue otherwise, their assignments of error are overruled. Further, as we have concluded that the trial court properly dismissed the purported claims against Ms. Reese on the basis of her immunity as a prosecutor, to the extent that the Thomases argue that the trial court erred in its determination that she was immune based upon her status as an employee of a political subdivision, their assignments of error are rendered moot, and we need not address them. *See* App.R. 12(A)(1)(c).

Claims Against Mr. Bauschlinger

{¶18} In regard to Commissioner Bauschlinger, the trial court dismissed the claims against him due to his immunity as an employee of a political subdivision.

{¶19} Under R.C. 2744.03(A)(6), a political subdivision employee "is immune from liability unless * * * (a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." *Lackey v. Noble*, 9th Dist. No. 11CA0082-M, 2012-Ohio-2554, ¶ 6. The Thomases have not directed us to any Revised Code provision expressly imposing liability upon Mr. Bauschlinger. Therefore, we will confine our discussion to the exceptions to political subdivision employee immunity as set forth in R.C. 2744.02(A)(6)(a) and (b).

{¶20} Pursuant to the City of Barberton Charter 4.02(a), "There shall be within the Department of Public Service a Division of Building Inspection under the direction of a Building Commissioner, who shall be appointed by the Mayor and shall be under the supervision of the Director of Public Service. He shall carry out the duties of a Building Commissioner as provided by ordinance or, if not by ordinance, as provided by general law." In the trial court's order, it determined that building condemnation and demolition is a governmental function. However, it did not delineate the scope of Mr. Bauschlinger's employment or official duties within which it determined that the allegations of the complaint fell.

{¶21} In their complaint, the Thomases alleged that the Building Department condemned the building without having completed an interior inspection and without any justification. Then, without notice to the Thomases, and without allowing them the opportunity

to retrieve their personal belongings from the property, the City demolished the building and the garage. The Thomases named Mr. Bauschlinger as a defendant, designating him as "Building Commissioner, City of Barberton." Therefore, although Mr. Bauschlinger is not specifically mentioned in the body of the complaint, we conclude that a fair reading of the complaint attributes liability to Mr. Bauschlinger for the alleged acts of the Building Department and the City which pertained to the condemnation and demolition of the buildings on the property.

{¶22} The parties do not dispute that the political subdivision employee test of R.C. 2744.03(A)(6) is applicable to determine Mr. Bauschlinger's purported immunity. Instead, the parties have centered their dispute upon whether, taking as true the facts as alleged in the complaint, Mr. Bauschlinger's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner pursuant to R.C. 2744.03(A)(6)(b). "Malicious purpose' has been defined as 'willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through * * * unlawful or unjustified' conduct." *Garvey v. Vermilion*, 9th Dist. No. 10CA009873, 2012-Ohio-1258, ¶ 23, quoting *Schoenfield v. Navarre*, 164 Ohio App.3d 571, 2005-Ohio-6407, ¶ 22 (6th Dist.); *see also Cook v. Hubbard Exempted Village Bd. of Edn.*, 116 Ohio App.3d 564, 569 (11th Dist.1996). "The term 'bad faith' embraces more than bad judgment or negligence; it is conduct that involves a 'dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud.'" *Garvey* at ¶ 23, quoting *Jackson v. McDonald*, 144 Ohio App.3d 301, 309 (5th Dist.2001); *see also Jackson v. Butler Cty. Commrs.*, 76 Ohio App.3d 448, 454 (12th Dist.1991), and *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is a great probability that harm will result."

*Anderson v. Massillon*, Slip Opinion No. 2012-Ohio-5711, ¶ 33, citing *Hawkins v. Ivy*, 50 Ohio St.2d 114, 117-118 (1977). "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Anderson* at ¶ 34, citing *Thompson v. McNeill*, 53 Ohio St.3d 102, 104-105 (1990).

{¶23} Here, again taking as true the facts as alleged in the complaint, the Building Department condemned the property without an interior inspection or any further justification. Without notice to the Thomases and without providing them an opportunity to collect their personal belongings, the City demolished the property, destroying their belongings. In their prayer for relief, the Thomases maintained that they lost the use of their real and personal property due to the "willful[ ]and wanton acts" of the Appellees. Taking as true the allegations of the complaint, we cannot say that there exists no set of facts by which the Thomases could establish that Mr. Bauschlinger acted manifestly outside the scope of his employment or with "malicious purpose, in bad faith, or in a wanton or reckless manner." *See LaSalle Bank* at ¶ 19; R.C. 2744.03(A)(6)(b). Therefore, the claims against him should not have been dismissed under Civ.R. 12(b)(6). Accordingly, to the extent that the Thomases argue that the trial court erred in dismissing their claims against Mr. Bauschlinger on the basis of his purported political subdivision employee immunity, their assignments of error are sustained.

III.

{¶24} Accordingly, the Thomases' fourth assignment of error is overruled. The Thomases' remaining assignments of error are overruled insofar as they argue that the trial court improperly dismissed their claims against Ms. Reese and Mayor Genet, and their purported claims against the Barberton Police Department and the unidentified officer. To the extent the

Thomases argue that the trial court improperly dismissed their claims against Mr. Bauschlinger, their assignments of error are sustained. Therefore, the judgment of the trial court is affirmed in part, reversed in part, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

SEAN A. THOMAS, pro se, Appellant.

DAVID C. THOMAS, pro se, Appellant.

ROBERT P. LYNCH, Attorney at Law, for Appellee.