[Cite as *Spradlin v. Elyria*, 2013-Ohio-1602.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JASON SPRADLIN

    Appellant

    v.

CITY OF ELYRIA, et al.

    Appellee

C.A. No.     11CA010102

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     11CV172286

DECISION AND JOURNAL ENTRY

Dated: April 22, 2013

CARR, Judge.

{¶1} Appellant Jason Spradlin, individually and as executor of the estate of Logan Spradlin, appeals the judgment of the Lorain County Court of Common Pleas that granted the City of Elyria's motion to dismiss under Civ.R. 12(B)(6) based on political subdivision tort immunity. This Court reverses.

I.

{¶2} On October 10, 2009, thirteen-year old Logan Spradlin drowned in the Black River when he fell from steps overlooking the water. According to the complaint, Logan had been walking along the Riverwalk within Cascade Park and had stopped at an overlook above the East Falls. In May 2011, Logan's father, Jason Spradlin, filed a wrongful death action against the City of Elyria. The city moved to dismiss for failure to state a claim upon which relief can be granted, arguing that it was entitled to immunity pursuant to R.C. 2744.02(A)(1) as a political subdivision engaged in a governmental function. Mr. Spradlin opposed the motion to

dismiss, arguing that the city was not entitled to immunity because the negligence allegedly occurred due to physical defects on the grounds of a building used in connection with the performance of a governmental function. The trial court granted the motion to dismiss. Mr. Spradlin appealed and raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE CITY OF ELYRIA'S MOTION TO DISMISS UNDER CIV.R. 12(B)(6).

{¶3} Mr. Spradlin argues that the trial court erred in granting the city's motion to dismiss for failure to state a claim upon which relief can be granted. This Court agrees.

{¶4} This Court reviews a trial court order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio- 2480, ¶ 4-5. In reviewing a motion to dismiss, this Court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the nonmoving party. *Rossford* at ¶ 5; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." *Raub v. Garwood*, 9th Dist. No. 22210, 2005-Ohio-1279, ¶ 4, citing *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245 (1975). "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civ.R. 12(B). Under those circumstances, the trial court shall give the parties a reasonable opportunity to present all pertinent Civ.R. 56 evidence. *Id*.

{¶5}    Generally, political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."  R.C. 2744.02(A)(1).   There are several statutory exceptions to the broad grant of immunity.  One exception provides that "political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."  R.C. 2744.02(B)(4).  In other words, a political subdivision is not immune from a claim of negligence if the basis for the claim is an injury caused by a physical defect "within or on the grounds of" "buildings that are used in connection with the performance of a governmental function."  *Id*.  "'[G]overnmental function' includes * * * [t]he design, construction, reconstruction, renovation, repair, maintenance, and operation of any * * * recreational area or facility, including, but not limited to * * * [a] park, playground, or playfield."  R.C. 2744.01(C)(2)(u)(i).

{¶6}    Due to the procedural posture of this case, all allegations in the complaint are presumed to be true for the purposes of our analysis.  *Rossford* at ¶ 5.  The complaint alleges that Logan was injured at Cascade Park, which is owned and/or controlled by Elyria.  According to the complaint, Logan died as a result of the negligence of city employees and due to a physical defect on park grounds.  Moreover, the complaint alleges that "[t]he Riverwalk stands on grounds of buildings utilized by the City of Elyria in connection with the performance of a

governmental function per O.R.C. 2744.01, et seq., including but not limited to the repair, maintenance, and operations of a recreational area or facility, per O.R.C. 2744.01(C) and O.R.C. 2744.02(B)."

{¶7} The trial court concluded that the R.C. 2744.02(B)(4) exception to immunity did not apply to this situation because the death occurred in a park, which is a recreational area or facility, as opposed to on the grounds of a building. The court premised its conclusion on the finding that Mr. Spradlin "d[id] not, however, identify with specificity the building used in connection with the governmental function to satisfy the exception under R.C. []2744.02(B)(4)." In doing so, the trial court applied the wrong standard in its consideration of the city's motion to dismiss pursuant to Civ.R. 12(B)(6). In a case where the trial court believed that the motion to dismiss presented issues outside the pleading, it should have converted the motion to dismiss to a motion for summary judgment and allowed the parties to present all pertinent Civ.R. 56 evidence in support of and in opposition to the motion. Civ.R. 12(B). However, instead of properly construing all allegations in the complaint as true, i.e., that Logan's death occurred on the grounds of buildings used in connection with the performance of a governmental function, the court discounted the allegations as not supported by adequate facts. In doing so, the trial court erred in granting the city's motion to dismiss for failure to state a claim upon which relief can be granted. Mr. Spradlin's assignment of error is sustained.

### III.

{¶8} Mr. Spradlin's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JONATHAN TSILIMOS, Attorney at Law, for Appellant.

ROBERT P. LYNCH, JR., Attorney at Law, for Appellee.