[Cite as *Owens v. Haynes*, 2014-Ohio-1503.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| CHERYL OWENS | | C.A. No. 27027 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| PENNY HAYNES, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV 2013-01-0688 |

DECISION AND JOURNAL ENTRY

Dated: April 9, 2014

BELFANCE, Presiding Judge.

{¶1}   Defendant-Appellant, Penny Haynes, appeals from the decision of the Summit County Court of Common Pleas in favor of Plaintiff-Appellee, Cheryl Owens.  This Court affirms in part and dismisses in part.

I.

{¶2}   After Ms. Owens' husband passed away in 2006, she went to the Veteran's Administration office in Akron to apply for certain death benefits for his burial.  Ms. Haynes, an employee of the Veteran's Administration office, spoke with Ms. Owens regarding her request for benefits and ultimately submitted applications for benefits on her behalf.  Ms. Owens began receiving benefit checks at some later point in 2006.

{¶3}   In 2011, the Veteran's Administration office informed Ms. Owens that she had received benefits to which she was not entitled, cancelled her cash benefits, and demanded that she repay more than $34,000 in benefits.  After Ms. Owens resolved the matter with the

Veteran's Administration, she brought suit against Ms. Haynes and the State of Ohio. Her complaint set forth counts of fraud, negligence, and intentional misrepresentation against Ms. Haynes and sought to hold the State of Ohio liable as Ms. Haynes' employer. The complaint alleged that Ms. Haynes had disregarded Ms. Owens' express desire to apply strictly for death benefits and had fraudulently filed applications for additional benefits on Ms. Owens' behalf after having Ms. Owens sign several application forms in blank.

{¶4} Subsequently, Ms. Haynes filed a Civ.R. 12(B)(6) motion to dismiss on several grounds, including that she was immune from suit. Ms. Owens filed a memorandum in opposition. She also voluntarily dismissed the State of Ohio from the law suit and sought leave to file an amended complaint. The amended complaint, which she later filed, named Summit County as Ms. Haynes' employer and as a defendant. The amended complaint also set forth additional allegations regarding Ms. Haynes' allegedly fraudulent conduct.

{¶5} On July 8, 2013, the trial court issued its decision. The court determined that Summit County was immune from suit altogether and that Ms. Haynes was immune from suit with regard to Ms. Owens' claim for negligence. The court also determined, however, that Ms. Haynes was not entitled to the benefit of immunity with regard to Ms. Owens' claims for fraud and intentional misrepresentation. Consequently, the court denied Ms. Haynes' motion to dismiss with respect to those claims.

{¶6} Ms. Haynes now appeals from the trial court's decision and raises two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRERD (sic) TO THE PREJUDICE OF APPELLANT BY DENYING HER MOTION TO DISMISS THE COMPLAINT FOR FRAUD FOR FAILURE TO PLEAD WITH PARTICULARITY.

{¶7} In her first assignment of error, Ms. Haynes argues that the trial court erred by denying the portion of her motion to dismiss that addressed Ms. Owens' claim of fraud. Ms. Haynes argues that the court should have dismissed the fraud count against her because Ms. Owens failed to plead that count with particularity. Because Ms. Haynes' first assignment of error does not pertain to the portion of the trial court's decision that denied her the benefit of immunity, we are without jurisdiction to examine its merits.

{¶8} Generally, "[a]n order that denies a motion to dismiss for failure to state a claim upon which relief can be granted is not a final order within the jurisdiction of this [C]ourt." *Sumskis v. Medina Cty. Bd. of Mental Retardation and Dev.*, 9th Dist. Medina Nos. 2886-M & 2887-M, 2000 WL 141078, *1 (Feb. 2, 2000). *See also McGuire v. Zarle*, 9th Dist. Summit No. 26058, 2012-Ohio-2976, ¶ 7, quoting *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4 ("A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order."). However, "[w]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, syllabus. "Nonetheless, an appeal from such a decision is limited to the review of alleged errors in the portion of the trial court's decision which denied the political subdivision [or its employee] the benefit of immunity." *Makowski v. Kohler*, 9th Dist. Summit No. 25219, 2011-Ohio-2382, ¶ 7. *Accord McGuire v. Lorain*, 9th Dist. Lorain No. 10CA009893, 2011-Ohio-3887, ¶ 3. R.C.

2744.02(C) does not vest this Court with jurisdiction to address other interlocutory rulings the trial court has made. *See McGuire* at ¶ 2-3; *Makowski* at ¶ 7-8.

{¶9} In her Civ.R. 12(B)(6) motion to dismiss the complaint against her on the basis of immunity, Ms. Haynes also argued that Ms. Owens' fraud claim should be dismissed because Ms. Owens failed to plead it with particularity. In its ruling on immunity, the trial court rejected Ms. Haynes' additional argument and concluded that Ms. Owens had sufficiently pleaded a claim of fraud against Ms. Haynes. Ms. Haynes now argues that the trial court erred by doing so. The court's additional ruling on the fraud claim, however, did not deny Ms. Haynes the benefit of immunity such that it would be immediately appealable. *See Hubbell* at syllabus. "Therefore, the general rule that an appeal from the denial of a motion [to dismiss for failure to state a claim upon which relief can be granted] is not final applies to this assignment of error." *Makowski* at ¶ 8. As such, we are without jurisdiction to examine the merits of Ms. Haynes' first assignment of error.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING IMMUNITY AFFORDED TO HER PURSUANT TO R.C. 2744.03(A)(6).

{¶10} In her second assignment of error, Ms. Haynes argues that the trial court erred by denying her the benefit of immunity with regard to Ms. Owens' claims of fraud and intentional misrepresentation. We disagree.

{¶11} "The defense of immunity may be raised in a motion to dismiss pursuant to Civ.R. 12(B)(6)." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, ¶ 12. This Court applies a de novo standard of review when reviewing a trial court's decision on a motion

to dismiss. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

> In reviewing a motion to dismiss, this Court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the nonmoving party. To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle [her] to recover.

(Internal quotations and citations omitted.) *Spradlin v. Elyria*, 9th Dist. Lorain No. 11CA010102, 2013-Ohio-1602, ¶ 4. "[I]n deciding whether it is appropriate to grant a party's motion to dismiss, a court may not consider any materials or evidence outside the complaint." *Equable Ascent Fin., L.L.C. v. Ybarra*, 9th Dist. Lorain Nos. 12CA010290 & 12CA010296, 2013-Ohio-4283, ¶ 13.

{¶12} "An employee of a political subdivision is immune from liability unless (1) the employee acted outside the scope of his or her employment or official responsibilities, (2) the employee acted with malicious purpose, in bad faith, wantonly, or recklessly, or (3) the Revised Code expressly imposes liability on the employee." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, ¶ 21 (9th Dist.), citing R.C. 2744.03(A)(6). Here, the trial court determined that Ms. Haynes was not entitled to dismissal of the complaint based upon immunity because Ms. Owens' complaint set forth sufficient allegations that Ms. Haynes acted in bad faith or in a wanton or reckless manner. *See* R.C. 2744.03(A)(6)(b). Ms. Haynes argues that the trial court erred because her "conduct in merely assisting [Ms.] Owens in applying for benefits simply does not rise to the level of acting 'in bad faith, [or] in a wanton or reckless manner' * * *."

{¶13} "The term 'bad faith' embraces more than bad judgment or negligence; it is conduct that involves a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a

known duty through some ulterior motive or ill will partaking of the nature of fraud." (Internal quotations and citations omitted.) *Thomas*, 2013-Ohio-1164, at ¶ 22. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, paragraph three of the syllabus. Meanwhile, "[r]eckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at paragraph four of the syllabus.

{¶14} In her amended complaint, Ms. Owens stated that she went to the Veteran's Administration office strictly to apply for death benefits and that Ms. Haynes "urged her on several different occasions" to apply for benefits she did not want. Ms. Owens stated that she "adamantly refused" to allow Ms. Haynes to seek additional benefits on her behalf and that Ms. Haynes told her she would not apply for those additional benefits. Nevertheless, according to the complaint, Ms. Haynes had Ms. Owens sign several application forms in blank because she claimed those forms were necessary to apply for burial expenses. She then allegedly completed the forms using "false information" and filed the forms on Ms. Owens' behalf. Ms. Owens alleged that Ms. Haynes "filed said applications for benefits with knowledge of their falsity and with intent to defraud [her] and in furtherance of [Ms.] Haynes' overall scheme to increase her work output and reach her incentives set by her employer * * *." Ms. Owens stated that, when the Veteran's Administration office discovered she had received benefits for which she was ineligible, they sought repayment and cancelled her benefit checks until she was able to prove that she had personally not committed fraud. Ms. Owens alleged that she suffered "credit card

bills, loss of credit, attorney's fees, and extreme emotional distress" as a result of Ms. Haynes' conduct.

**{¶15}** Ms. Haynes criticizes Ms. Owens' complaint on the basis that it fails to specifically allege that Ms. Haynes acted either in bad faith or in a wanton or reckless manner. Ms. Haynes, however, has not pointed this Court to any authority standing for the proposition that a complaint must explicitly use the words "bad faith" or "wanton" or "reckless" in order to trigger the immunity exception contained in R.C. 2744.03(A)(6)(b). *See* App.R. 16(A)(7). *See also Kelley v. Cairns & Brothers, Inc.*, 89 Ohio App.3d 598, 604 (9th Dist.1993). The focal point in our analysis must be the underlying factual allegations in the complaint and all the reasonable inferences that can be drawn from those allegations. *See Spradlin*, 2013-Ohio-1602, at ¶ 4. The question, therefore, is simply whether Ms. Owens' amended complaint set forth sufficient factual allegations of bad faith, wanton, or reckless conduct on the part of Ms. Haynes.

**{¶16}** Accepting the above facts as true, *see id.*, we must conclude that Ms. Owens' amended complaint contains sufficient allegations that Ms. Haynes acted "in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b). Contrary to Ms. Haynes' argument on appeal, the complaint does not accuse her of a simple mistake or allege that her conduct was limited to simply helping Ms. Owens apply for benefits. The complaint alleges that, after she was unable to convince Ms. Owens to apply for additional benefits, Ms. Haynes: (1) secured signed, blank application forms from Ms. Owens by telling her the forms were necessary to apply for burial benefits; (2) intentionally falsified those signed forms; and (3) filed them to reap a personal employment benefit. The complaint contains sufficient allegations from which the trier of fact could find that Ms. Haynes consciously engaged in a wrongdoing with an ulterior motive, and thus, acted in bad faith. *See Thomas*, 2013-Ohio-1164, at ¶ 22. *See also Aronson v.*

*Akron*, 9th Dist. Summit No. 19816, 2001 WL 326875, *6 (Apr. 4, 2001); *Sielaff v. Dawson*, 9th Dist. Summit No. 14725, 1991 WL 2010, *2 (Jan. 9, 1991). Further, it contains sufficient allegations from which the trier of fact could find that Ms. Haynes either (1) failed to exercise any care whatsoever towards Ms. Owens despite there being a great probability that financial harm would result to her, or (2) acted with conscious disregard or indifference to an obvious risk of financial harm to Ms. Owens. *See Anderson*, 134 Ohio St.3d 380, 2012-Ohio-5711, at paragraphs three and four of the syllabus (wanton conduct and reckless conduct defined). *See also Aronson* at *6; *Sielaff* at *2. Drawing all reasonable inferences in Ms. Owens' favor, we must conclude that the trial court correctly determined that Ms. Haynes was not entitled to the benefit of immunity with regard to Ms. Owens' claims for fraud and intentional misrepresentation. *See* R.C. 2744.03(A)(6)(b). Accordingly, Ms. Haynes' second assignment of error is overruled.

### III.

{¶17} Ms. Haynes' first assignment of error is dismissed, as this Court lacks jurisdiction to examine its merits. Her second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, dismissed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
dismissed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
WHITMORE, J.
CONCUR

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOHN F. GALONSKI, Assistant Prosecuting Attorney, for Appellant.

JONATHAN D. TUCKER, Attorney at Law, for Appellee.